(No. 3947—

JENNIE NOONAN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 24, 1947.*

PERRY D. WELLS and GEORGE D. CARBARY, for claimant.

GEORGE F. BARRETT, Attorney General, and WILLIAM
L. MORGAN, Assistant Attorney General, for respondent.

BERGSTROM, J.

Claimant, Jennie Noonan, filed her claim on January
10, 1946, alleging that she was injured on February 3,
1945 while employed by respondent at the Elgin State
Hospital and remains totally disabled and incapable of
performing any work.

The record consists of the Complaint, Departmental
Report, Respondent's Waiver of Brief, and Transcript of
Evidence.

The jurisdictional requirements of the Workmen's
Compensation Act have been met, and we find from the
record that claimant was injured by an accident arising
out of and in the course of her employment.

Claimant was an attendant at the Elgin State Hos-
pital, and while walking toward the Administration
Building to make her daily duty report she slipped on an
icy sidewalk, fell and fractured her hip. She was imme-
diately hospitalized at the Elgin State Hospital where
she remained for a period of ten days, and then was
taken by ambulance to St. Luke's Hospital, Chicago, Illi-
nois, where she remained six weeks under the care of Dr.
William R. Cubbins. Afterwards she was taken back to
the Elgin State Hospital where she received medical and
hospital treatment until January 8, 1946. After said date
she continued under the care of her own doctors, but the

record does not contain their names or the amount of money which was paid for her subsequent medical treatments.

Claimant was 68 years old at the time of the accident and had no children under 16 years of age. At the time of the hearing before the Commissioner on December 19, 1946 it was still necessary for the claimant to use a crutch. The record is very inconclusive as to the degree and extent of claimant's permanent disability, but Commissioner East who observed the claimant while she testified at the hearing before him recommends an award based on 25% total disability for loss of use of the leg.

Claimant's wages at the time of said accident were at the monthly rate of $125.00, or an average weekly wage of $28.85; her compensation rate, therefore, would be $14.42 per week to which must be added 17½%, the accident having occurred after July 1, 1943, or a compensation rate of $16.94 weekly. Claimant was hospitalized until January 8, 1946, a period of 48 weeks from the date of her injury. After her discharge from the hospital she remained at home, and was unable to work and had not been able to work up to the time of the hearing held on December 19, 1946. She would, therefore, be entitled to the maximum of 64 weeks, where an award is given for specific injury, for total temporary incapacity, or the sum of $1,084.16, from which must be deducted the sum of $716.31 which was paid claimant for unproductive time, leaving a balance due her of $367.85 for total temporary incapacity. From the record, we must conclude that she incurred permanent disability to the extent of 25% loss of the use of her leg, and is, therefore, entitled to compensation for 47½ weeks at the rate of $16.94 per week, or a total of $804.65.

The record also shows that claimant paid Dr. Wm. R. Cubbins the sum of $200.00 for medical service, and

also expended the sum of $34.50 for ambulance service to and from St. Luke's Hospital, which expense was incurred with the knowledge and consent of the respondent, and claimant is entitled to reimbursement for these expenditures in the total amount of $234.50.

Lura Kingsley was employed to take and transcribe the evidence at the hearing before Commissioner East, and a charge of $10.00 was incurred for this service, which is reasonable and customary.

An award is therefore entered in favor of claimant, Jennie Noonan, in the sum of One Thousand Four Hundred Seven Dollars ($1,407.00), all of which has accrued and is payable forthwith.

An award is also entered in favor of Lura Kingsley in the sum of Ten Dollars ($10.00).

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."